Pearson, C. J.
 

 This Court concurs with his Honor, on both of the questions presented by the case. The power of granting “ new trials,” has been exercised by the courts of Pleas and Quarter Sessions, in this State, as far bach as the recollection of either member of this Court reaches.
 
 We
 
 have never heard of its being drawn in question before. This long
 
 user,
 
 without objection on the part of the profession, and without interference on the part of the Legislature, creates so strong a presumption in favor of, the existence of the power, that we should not feel at liberty to deny it, except on the most convincing proof. The suggestion, that the power is liable to abuse, because the members, of -which the court is composed, may be continually shifting, addresses itself to the legislative department, and would, we have no doubt, have been attended to had any serious practical evil resulted from it.
 

 Independently of the argument drawn from long user, we are of' opinion that the county court has the power. It is true, an
 
 i/nferior oowrt
 
 has not the power to grant a new trial, and as soon as it acts, becomes
 
 fundus offieio
 
 in respect t© the case decided. Eor instance, a single justice of the peace cannot grant a new trial, except under the circumstances
 
 *163
 
 where the power is specially conferred by statute. But the county court is not an inferior court, within the meaning of this rule; It is a court of record, and has general original jurisdiction “to hear, try and determine all causes of a civil nature at the common law within their respective counties, where the original jurisdiction is not, by statute, confined to ■one or more magistrates out of court, or to the Supreme or ■superior courts■ Rev- Code, ch. 31, sec. 5.
 

 As the Court has the power, it follows that its discretion, in the exercise of it, cannot be reviewed. Whether the discretion be exercised
 
 ex mero mofa,
 
 or, at the instance of a stranger to the proceedings, is a matter which does not at all affect the validity of its action, and cannot be enquired into. In this particular instance, however, we will say, from what appears on the record, the discretion was very properly exercised in setting aside a judgment, which had been confessed ■{for it amounted to that in fact) at the first term, by 6ne who had no personal interest to contest the claim, as a want of assets was admitted. There is no error.
 

 Per Curiam,
 

 Judgment affirmed.